UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA ORLANDO DIVISION

DAVID M. BRAND

        Plaintiff,

        Case No. 6:14-cV-420-ORL-37-KRS

v.

JP MORGAN CHASE BANK, N.A.

        Defendant

## COMPLAINT

Plaintiff, DAVID M. BRAND, individually, hereby sues Defendant, JP MORGAN CHASE BANK, NA, for violations of the Fair Debt Collection Practices Act (FDCPA)15U.S.C.§ 1692, the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI), and the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant Chase for continued violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. §1692, the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI) and the Telephone Consumer Protection Act

1

(TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5).

2.    Upon belief and information, Plaintiff contends that many of these practices are widespread by the Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

3.    Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged debt after being sued and settling two times for the very same violations during the past 18 months.

## JURISDICTION AND VENUE

4.    Jurisdiction of this Court arises under 15 U.S.C. §1681p, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.    Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

6.    This is an action for damages which exceed $5,000.00.

## PARTIES

7.    Plaintiff, David M. Brand, ( "Brand") is a natural person and is a resident of the State of Florida.

2

8.   Upon information and belief JP MORGAN CHASE BANK, NA ("Chase") is a foreign corporation, authorized to do business in Florida with its principal business address is located in Florida at 7255 Baymeadows Way, Jacksonville, FL 32256

## FACTUAL ALLEGATIONS

8.   This is the third lawsuit against the Defendant for the same type of violations this Defendant was sued for by Plaintiff in the two cases set out in paragraph 13 below.

9.   Defendant has a past and ongoing campaign of blatantly violating the federal and state law regarding going around counsel and telephoning Plaintiff's cell telephone without permission, and seems intent on repeatedly violating and harassing the Plaintiff.

10.  On April 2, 2010 the Defendant sued Plaintiff in Orange County Circuit Court of Florida alleging a default in payments on a mortgage allegedly on Plaintiffs personal homestead residence, namely: JP Morgan Chase Bank, NA v. David M Brand, et al, 2009 CA 10290. Orange County Circuit Court, FL.

11.  On or about October 22, 2009, Plaintiff Brand's attorney, Tanner Andrews, filed a Notice of Appearance as counsel for Brand and served this Notice on the counsel for Defendant Chase. Counsel Andrews has continuously represented Brand in that case ever since his appearance.

12.  Going back to January 2012 Chase has repeatedly harassed and called Plaintiffs cell phone all the while not only knowing the Plaintiff was represented by council but also after having spoken to Plaintiffs council, Tanner Andrews, on several

occasions during the time period of the alleged violations.

13.  In July 2010 and September 2011 Plaintiff settled cases against Defendant for going around council for violations of the FDCPA and FCCPA, namely: Brand v. JP Morgan Chase Bank, 2010 SC 4041, Orange County Court, FL and Brand v. JP Morgan Chase Bank And Chase Home Finance LLC, 2010 CA 254568, Orange County Circuit Court, FL.

14.  On February 6, 2012 at 6:06 pm the Defendant called the Plaintiffs cell phone without permission and with the knowledge that the number was assigned to a cell phone and using an auto dialer.

15.  Between February 6, 2012 and February 8, 2013 the Defendant has called the Plaintiff no less than 50 additional times without permission after being told that this was a cell phone and told to not call the Plaintiff.

16.  Each one of these 51 calls have been made using an automated dialing system. (See composite Exhibit A)

17.  Either the Defendant has no training for their representative or Defendants have instructed representative to blatantly violate the law.

18.  On or about January 18, 2012, thru July 10, 2013 the Defendant has mailed the Plaintiff no less than 23 separate and distinct communications regarding demand for payment while knowing the Plaintiff is represented by council. (See Composite Exhibit B')

19.  The communications alleged in paragraphs 15, 16 and 18 are all related to the collection of a consumer debt.

20.  The acts alleged herein primarily took place in Orange County in that the

4

communications were received there.

21.      Plaintiff has never given Defendant permission to call Plaintiff's cell phone.

22.      Defendant has already established that it does not have permission to call Plaintiffs

cell phone and that Plaintiff has legal representation of counsel in the

foreclosure case set out in paragraph 10, supra, by being sued for and settling

prior cases for the same violations as set out in paragraph 13 above.

23.      Plaintiff has no contractual obligation or business relationship with Defendant.

**COUNT ONE**
**VIOLATIONS OF FAIR DEBT**
**COLLECTION PRACTICES ACT**
**(FDCPA), 15 U.S.C. §1692**

24.      Plaintiff re-alleges and incorporates the information in paragraphs 1 through 23.

25.      Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

26.      The debt in question (the mortgage Defendant has sued Plaintiff over in JP Morgan

Chase v. Brand, 2009-CA-10290, Orange County Circuit Court, FL and which is the

subject of the calls and mailings to the Plaintiff by Defendant) was for personal, family

or house hold purposes.

27.      Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6)

as debt collection is part of its ordinary business practice and Defendant regularly

collects debts of behalf of others.

28.      The sending of the February 2012 through July 2013 statements demanding

payment are separate and distinct violations of 15 U.S.C. Section

1692c(a)(2).

29.      The sending of the 23 statements and telephone calling 51 times directly to

Plaintiff's cell phone while fully aware that the Plaintiff had representation of

5

legal counsel month after month represents separate and distinct violations of
15 U.S.C. Section 1692c(a)(2).

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant for
actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant
to 15 U.S.C §1692k.

## COUNT TWO
## VIOLATION OF FLORIDA CONSUMER COLLECTION
## PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI)

30.     Plaintiff alleges and incorporates the information in paragraphs 1 through 23 and 26
        above.

31.     Plaintiff is a consumer within the meaning of FLA. STAT. §559 (2).

32.     The debt in question was for personal, family or house hold purposes.

33.     Defendant is a debt collector within the meaning of the FCCPA, §559.55(6) as
        debt collection is part of its ordinary business practice and Defendant
        regularly collects debts of behalf of others.

34.     The sending of the February 2012 through July 2013 mailing of statements
        demanding payment and the telephone calls demanding payment are each separate
        and distinct violations of FLA. STAT. §559.72 (18) which states in part;

        "Communicate with a debtor if the person knows that the debtor is represented by
        an attorney with respect to such debt and has knowledge of, or can readily
        ascertain, such attorney's name and address, unless the debtor's attorney fails to
        respond within 30 days to a communication from the person, unless the debtor's
        attorney consents to a direct communication with the debtor, or unless the debtor
        initiates the communication."

35.     The sending of the statements directly to Plaintiff while fully aware that the
        Plaintiff has representation month after month constitute 74 separate and
        distinct violations of FLA. STAT. §559.72 (18).

        **WHEREFORE,** Plaintiff demands judgment for damages against Defendant, for

6

actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to

Fla. Stat. Section 559.77(2).

**COUNTS THREE TO FIFTY-THREE**
**DEFENDANT'S VIOLATIONS OF THE TELEPHONE**
**CONSUMER PROTECTION ACT  47 U.S.C. §227(b)(1)(A)**
**(iii)**

36.   Plaintiff alleges and incorporates the information in paragraphs 1 through 23 and 26 above.

37.   Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) (iii) by using an automatic telephone dialing system to call Plaintiff's cell phone.

38.   Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular telephone service when Defendant knew and was told that this phone was a cell phone contrary 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

" (1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;"

and at (b)(3)(A)

"Private right of action.
   A person may...bring in an appropriate court of that State-

(A) An action based on a violation of this subsection ... to enjoin such violation."

3 9 .   Plaintiff has no prior established relationship with the Defendant.

40.   Plaintiff has never given Defendant either express or implied consent to call the Plaintiff's cell phone.

41.   Plaintiff contends that the calls between February 2012 through July, 2013 constitute fifty-one (51) separate and distinct violations of the TCPA.

42.   In that Plaintiff has had to sue the Defendant twice before for telephone calls that go around his legal counsel and telephone calls to his cell phone that violate the TCPA as alleged above, the Plaintiff seeks and asks for an injunction prohibiting this Defendant from further violations.

43.   In that this Defendant has committed the same type of violations in the two prior lawsuits referenced in paragraph 13, supra, and in that these violations alleged herein are the same behavior and are intentional, blatant and gross violations of Plaintiff's rights and the protections intended by the TCPA, the Plaintiff requests an award of punitive damages against this Defendant to punish it for these violations and to cause it to be deterred from continuing to blatantly violate the TCPA.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant for actual damages, statutory damages and punitive damages as well as attorney's fees, and costs pursuant to 47 U.S.C. §227.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of

law. Respectfully submitted the _14_ of March, 2013

Respectfully submitted,

/s/ J. Marshall Gilmore
J. Marshall Gilmore, Esq.
FB# 840180
Counsel for Plaintiff
1936 Lee Road, Suite 100
Winter Park, FL 32789
Phone (407) 937-8675/ (321) 591-9922
Fax (407) 599-3801
mgilmore@mgilmorelaw.com

9